EMERY *v.* PEMBROKE.     { MARCH 13, 1875.

*Highway—Appeal by petitioners from decision of selectmen widening and straightening.*

Under Gen. Stats., ch. 63, sec. 10, the petitioners for an alteration of a highway may appeal from the decision of the selectmen making some alteration but not such as the petitioners desire.

APPEAL from the decision of the selectmen widening and straightening a highway in Pembroke.  The petition is as follows :  To the Supreme Judicial Court.  Merrimack, ss.  Respectfully represents Thomas Emery, William C. Piper, William L. Morse, R. H. Paine, Charles O. Moulton, and J. G. Bartlett, all of Pembroke in said county, yeomen, that for the accommodation of the public there is occasion to widen and straighten the existing highway in said Pembroke, between

a stake on the westerly side of said highway near the north-east corner
of the store occupied by Abraham B. Sanborn, and a post in the fence
on the westerly side of Broadway so-called, at the intersection of
Pleasant street therewith ; that on the 6th day of April, 1874, they,
with others, presented to the selectmen of said Pembroke their pe-
tition in writing, praying that said highway might be widened and
straightened between the points aforesaid ; that said selectmen ap-
pointed a hearing upon said petition, and caused notice thereof to be
given to all parties interested, as required by law ; that, at the hearing
so appointed and the adjournments thereof duly made, having heard
all parties who appeared before them, and their evidence, and having
examined the alterations proposed, they widened and straightened said
highway as follows [stating what they did at length] : that they made
a return of their said decision to the town-clerk of said Pembroke on
the 27th day of June, 1874, and caused the same to be then recorded
in his office ; that they have refused to alter the said highway, except-
ing in the manner and to the extent aforesaid, whereby your petitioners
are aggrieved because it is not widened and straightened as is required
for the accommodation of the public. And they pray that the said
highway, between the points aforesaid, may be widened and straight-
ened as is required for the accommodation of the public.—The signers
to this petition were all signers of the original petition to the selectmen
for the widening and straightening of this highway, and no question is
made but that the point of beginning and ending, as stated by the select-
men in their report, is the same, substantially, as that stated in the
petition. This appeal was entered at the October term, 1874, and
the defendants moved to dismiss the same for causes appearing in
the petition, and also because no bond was filed with this petition
by the appellants, conditioned to pay to the petitioners the costs which
should be awarded them in case the decision of the selectmen was
affirmed. The questions of law thus raised were reserved, and assigned
to this court for determination, by FOSTER, C. J.

*Sargent & Chase*, for the plaintiffs.

Gen. Stats., ch. 63, sec. 10, provide that " any land-owner or other
person aggrieved by the decision of the selectmen, in laying out or
altering of a highway, or in the assessment of damages in any case
relating to a highway, may appeal therefrom to the supreme court, by
petition, within one year after the highway or alterations are made,
and on notice, as provided in section two, and such other notice as the
court may order, the petition may be referred to the commissioners."
Section 11 provides that when the land-owner, or other person inter-
ested, appeals from the decision of the selectmen laying out or altering
a highway shall file his petition, etc., and with it a bond  *  *  con-
ditioned to pay to the petitioners their costs, etc. It is claimed by the
defendants that the General Statutes are only a revision of the law of
1862, which gave the petitioner the right of appeal from the decision

of the selectmen only in case of the "laying out a highway," and that this law of 1862 did not give, and that the General Statutes were not intended to give, the petitioner the right to appeal in case of the widening and straightening of a highway. But this we think to be a manifest error.

In the General Statutes it was evidently intended to give all persons interested in the widening and straightening of a highway the same rights that were given to them by the law of 1862, in case of the laying out of a highway. This is done in express terms by the language of the General Statutes. The object was, to give the right of appeal to all persons who might be aggrieved by the action of the selectmen, whatever that action might be, in laying out, or in widening and straightening. This is evident from the language adopted in section 12 of the same chapter. The law of 1862 provided that the decision of the selectmen might be affirmed or reversed by the court upon the report of the commissioners. This was all that could be done upon an appeal from a decision laying out the highway. But in the General Statutes, where the appeal is given to any person aggrieved by the laying out or the widening and straightening of a highway, it is also provided (sec. 12) that the decision of the selectmen may be affirmed, modified, or reversed by the court, according to the report of the commissioners. This change was made in the law to meet a necessity which was found to exist, and to supply a defect which evidently existed before, and which the defendants claim still exists, to wit, the necessity of resorting to a multiplicity of applications to the selectmen in such a case. In this case, we claim that, while the selectmen widened and straightened this highway in form, they did just as little as they could do and do anything at all. They intended to do enough so that the petitioners could not go to the court upon the grounds that they had neglected or refused to do anything, but did so little as to fail entirely of meeting the requirements of the public. Now if these petitioners must wait, and file a new petition, the selectmen may widen and straighten the road again in such a way that the petitioners cannot go to the court upon the ground of their neglect or refusal to widen and straighten, and yet they may not do what the public good requires should be done; and this might be repeated time after time in the same way. Suppose a road needed to be widened a rod its whole length, and the petitioners ask the selectmen to widen accordingly, and they, simply to prevent the petitioners from going to the court with their petition, widen the road one foot: then, if the defendant's law is sound, they have succeeded in their object, but have done nothing that benefits the public. Then suppose the petitioners try again, and with the same result: this must be repeated sixteen or seventeen times before the road is widened so as to meet the wants of the public and the petitioners; whereas, by allowing an appeal from the first decision, the whole case could be brought before the county commissioners at once, and be settled with a single petition and one proceeding.

We cannot doubt that this change in the law was made to meet this

very case, or, at least, this class of cases, so that when the selectmen of a town should do just enough to prevent the petitioners from going to the court upon the ground that they refused to do anything, but at the same time intend to do as little as possible, and thus fail entirely to meet the wants and the necessities of the public, an appeal might be taken by the petitioners as well as by any other party aggrieved, and thus the whole matter be considered by the court upon the report of the commissioners, and the decision of the selectmen be so modified as to meet the public necessities and the wants of the petitioners, and thus avoid the necessity of a multiplicity of suits. The whole thing may thus be accomplished and terminated by one proceeding, as well, nay, much better because much more expeditiously, than by a dozen or twenty.

In this case we claim that the selectmen widened the highway the whole length petitioned for, but that they did not widen or straighten it so as to meet the wants of the petitioners or the necessities of the public, and that the petitioners, being aggrieved by the action of the selectmen, may appeal from their decision, and thus have it modified upon a report of the commissioners in such a way as to do justice to all parties, and to meet the public necessities.

This appeal being properly taken, there was no necessity of filing the bond which the statute requires, only for the benefit of the petitioners. These plaintiffs did not need to give a bond for their own indemnity against their own costs. This was not what the statute contemplated in requiring the bond.

*Mugridge*, for the defendants.

We submit that the motion to dismiss should be allowed.

The petition in appeal shows that the selectmen acted on the original petition to them, and widened and straightened the highway within the termini specified; and it states, as the ground for appeal, that the widening and straightening thus made were not sufficient for the accommodation of the public, and the facts of the case show that such is the only ground for the appeal. The appeal is founded on secs. 10 and 11 of ch. 63, Gen. Stats., p. 142; and the only construction of those provisions which will sustain the appeal is the broad one, that an appeal will lie when the appellant is aggrieved by any decision of the selectmen in the course of their proceedings on highway petitions, that is, in the manner and extent of their subsequent action in carrying the petitions into effect, as well as in the preliminary question of granting the prayer of the petitions. But such is not the correct construction. The "decision" mentioned in the statutes is, "in laying out or altering," thus including only the main question of granting the petition, and not any subsequent action in carrying it into effect. The original statutes on this subject allowed appeals from the action of selectmen when they laid out or widened and straightened highways, only as to the amount of damages. There was no appeal by the town

or any person from their decision to lay out, or to widen and straighten, but that was final and conclusive. See Rev. Stats., ch. 50, sec. 9, p. 121; Comp. Stats., ch. 54, sec. 9, p. 138.

As the law then was, a petitioner had a remedy in case of the neglect or refusal of the selectmen to grant his petition, by a petition to the court; but the town or any person aggrieved by the granting of the petition had no corresponding or any remedy whatever, in case of an improper decision in thus granting it. The act of June 27, 1862, was passed to remedy this defect, and provided that any party interested, who is aggrieved by the decision of the selectmen "laying out a highway," may appeal, &c. Laws of 1862, p. 2615. The General Statutes are merely a revision of that original act, not an alteration of it. The phraseology of the act of 1862 expressly confined it to the decision to "lay out," and did not extend to any subsequent proceedings, except the amount of damages awarded.

The remedy for petitioners, when the action of the selectmen in the manner or extent of laying out, or widening and straightening, is unsatisfactory, is not by appeal like this, but by a new petition for whatever further or different is desired, with the right of applying to the court if the selectmen neglect or refuse to grant it. The whole phraseology and provisions of the sections referred to show that they were not intended to provide an additional remedy for the petitioners in such cases, but a remedy for opposing parties who may be aggrieved by any granting of the petitions, and who, before the passage of the act of 1862, had no remedy in such cases.

LADD, J. Sec. 10 of ch. 63, General Statutes, gives the right of appeal in general terms to any person aggrieved by the decision of the selectmen in laying out or altering a highway; and by sec. 12 of the same chapter it is provided that on such appeal the decision of the selectmen may be affirmed, modified, or reversed by the court, according to the report of the commissioners.

I think the true construction of these provisions of the statute gives an appeal to the petitioners in a case like the present.

CUSHING, C. J. There is no reason that I can see why the selectmen are not as liable to err against the interest of the petitioners as of the petitionees. There is as much need that the statute should protect one of these classes as the other, and it appears to me that such is the just construction of the statute.

SMITH, J. The petitioners applied to the selectmen to widen and straighten a certain highway. This the selectmen did, but not to the extent or in the manner desired by the petitioners, and they are aggrieved thereby. I think the statute (Gen. Stats., ch. 63, sec. 10) is broad enough to include this case.

No bond is necessary. The statute (sec. 11) requires a bond only for the benefit of the petitioners, when an appeal is taken by a landowner or other person interested.

*Motion to dismiss denied.*